UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MICHAEL ALAN CROOKER,               :
                                    :
        Petitioner,                 :   Civ. No. 15-2266 (NLH)
                                    :
    v.                              :   OPINION
                                    :
JORDAN HOLLINGSWORTH,               :
                                    :
        Respondent.                 :
_____:

APPEARANCES:

Michael Alan Crooker, #03631-158
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner, pro se

HILLMAN, District Judge

    Petitioner, Michael Alan Crooker, requests a writ for habeas corpus pursuant to 28 U.S.C. § 2241 on the basis that he has been, and continues to be, denied certain medical care. He has paid the requisite filing fee. For the reasons expressed below, the Petition will be dismissed for lack of jurisdiction.

I.   BACKGROUND

    On July 11, 2006, a jury convicted Petitioner of transporting a firearm after being convicted of a felony under § 18 U.S.C. § 922(g) ("the firearms charge"). Petitioner

successfully appealed his conviction, arguing that the jury instructions mischaracterized the law, and a Certificate of Innocence was issued by the United States District Court for the District of Massachusetts on November 20, 2010. See United States v. Crooker, 608 F.3d 94, 96 (1st Cir. 2010). However, immediately after his release from prison based on the reversal of his firearms conviction, he was taken into custody by the Bureau of Prisons on the basis of the charges contained in an indictment that had issued almost three years earlier. Specifically, Petitioner was charged with nine criminal counts, including mailing a threatening communication and possession or production of a toxin for use as a weapon ("threat and toxin charges"). In a plea agreement dated March 24, 2011, Petitioner pled guilty to mailing a threatening communication and to possession of a toxin without registration. Pursuant to the plea agreement, Petitioner agreed to dismiss certain civil lawsuits he had filed and his recommended sentence was reduced by the time he spent in federal detention in relation to the firearms conviction. Petitioner is currently serving time on that sentence and his projected release date is August 22, 2017.

On June 18, 2014, Petitioner filed a request for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Maryland (the "Maryland Petition"). Crooker v. Stewart, Civ. No. 14-1972 (D.Md. June 18,

2014). In the Maryland Petition, Petitioner stated that he suffered from end-stage liver disease and esophageal varices and alleged that he had been refused recommended prescriptions and other medication by the staff at FCI Cumberland, the facility in which he was confined at the time.

Because of the serious nature of the allegations raised, the Maryland Court issued an Order to Show Cause as to why injunctive relief should not be granted and ordered an immediate response from respondents. A slew of filings ensued, including a Motion to Dismiss, which was ultimately construed as a Motion for Summary Judgment. On March 13, 2015, the United States District Court for the District of Maryland issued a Memorandum Opinion and Order granting the dispositive motion filed on behalf of respondents, dismissing the petition for habeas relief and denying Petitioner's request for injunctive relief. Memorandum and Order, Crooker v. Stewart, Civ. No. 14-1972 (D.Md. Mar. 13, 2015) ECF No. 22, 23.

On March 9, 2015, prior to the Maryland Court's March 13, 2015 Order, Petitioner was transferred from FCI Cumberland to FCI Fort Dix in New Jersey. Upon his arrival, and prior to learning of the disposition of the Maryland Petition, he filed the request for habeas relief presently before this Court.

In this Petition, he raises essentially the same argument set forth in the Maryland Petition. Petitioner asserts that in

October 2013, while confined in FMC Devens, he was taken to the Beth Israel Liver Center in Boston for an expert consultation related to his reinfection with the Hepatitis C virus. Petitioner states that an expert doctor at the Beth Israel Liver Center recommended treatment with the medicines Sofosbuvir and Ribavirin and also recommended 6-month imaging studies, endoscopies every 2-3 years, and a follow-up appointment with a gastroenterologist.

In November 2013, Petitioner was transferred from FCI Devens to FCI Cumberland.  Petitioner states that, following his arrival at FCI Cumberland, Sofosbuvir was approved by the FDA but that medical staff at FCI Cumberland refused to provide the drug to Petitioner.  Petitioner also alleges that the doctor at FCI Cumberland disregarded all of the expert doctor's recommendations except for the imaging studies every six months.

Petitioner also states that upon his arrival at FCI Fort Dix, he was told that he would not receive the drug Sofosbuvir or the periodic imaging studies that were recommended by the expert doctor at the Beth Israel Liver Center.  In his Amended Document, Petitioner alleges his next ultrasound and endoscopy are due April 28, 2015 and May 31, 2015, respectively. (Am. Doc. 2, ECF No. 2).

## II. STANDARDS OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

## III. ANALYSIS

A. Successive Petition Under § 2244(a)

As an initial matter, the Court notes that the Petition presently before the Court reasserts the claims raised in the Maryland Petition and addressed by the United States District Court for the District of Maryland.  It is established that

standard principles of res judicata and collateral estoppel do not apply in habeas proceedings. See Sanders v. United States, 373 U.S. 1, 6-7, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).  However, this Court has explained that,

> . . . although not expressly referenced in § 2244(a), courts have consistently held that the substantive provisions of § 2244 are applicable to § 2241 habeas petitions brought by federal prisoners. See Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (holding that the restrictions on successive petitions found in § 2244, "constitute a modified  res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'" and applying those principles to an original petition filed under 28 U.S.C. § 2241); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (holding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (dismissing § 2241 petition as successive pursuant to § 2244); Byrd v. Gillis, 1997 WL 698157, at *1 (E.D.Pa. 1997) (applying § 2244's requirements of second and successive petitions to a petition for writ of habeas corpus filed under § 2241).

Brown v. Grondolsky, Civ. No. 08-5811, 2009 WL 3030082 at *4 (D.N.J. Sept. 16, 2009).  Thus, Petitioner may not reassert in this district the allegations and claims raised in the Maryland Petition and addressed on the merits by the United States District Court for the District of Maryland. 28 U.S.C. § 2244(a); See Memorandum and Order, Crooker v. Stewart, Civ. No. 14-1972 (D.Md. March 13, 2015) ECF No. 22, 23.

Accordingly, the Petition will be dismissed as successive to the extent it reasserts the claims raised in the Maryland Petition.

B. New Allegations

With respect to Petitioner's new allegations, he alleges that he was told by a health practitioner at FCI Fort Dix that he would not receive the imaging studies that he previously received every six months.  Additionally, Petitioner states that he was told at FCI Fort Dix that he did not qualify for the drug Sofosbuvir because he was assigned an AST-to-platelet ratio index (APRI) score of 0.3.  Pursuant to the Interim Guidance for the Management of Chronic Hepatitis C Infection, an inmate's APRI score is used to determine the degree of fibrosis and to prioritize treatment. FEDERAL BUREAU OF PRISONS, INTERIM GUIDANCE FOR THE MANAGEMENT OF CHRONIC HEPATITIS C INFECTION, § 2, 1 (June 2014). Petitioner states that his APRI score was "wrongfully alleged to trump the advanced fibrosis/cirrhosis criteria" outlined in the BOP's clinical practice guidelines. (Pet. 9, ECF No. 1).

1. No Jurisdiction Under § 2241

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498–99, 93

S.Ct. 1827, 36 L.Ed.2d 439 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). See also Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991), and cases cited therein; see also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237, 243 (3d Cir. 2005) (finding that a challenge to regulations limiting pre-release transfer to community corrections centers was properly brought in habeas, because community confinement is "'qualitatively different from confinement in a traditional prison'" (citation omitted)).

    The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485–86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990) (entertaining challenge to Bureau of Prisons refusal to consider

prisoner's request that state prison be designated place for service of federal sentence, in order that state and federal sentences could run concurrently). See also George v. Longley, 463 F. App'x 136 (3d Cir. 2012) (citing Coady, 251 F.3d 480, and Barden, 921 F.2d 476).

The Court of Appeals has noted that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. However, to the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action.

> [W]henever the challenge ultimately attacks the "core of habeas"-the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). See also Bonadonna v. United States, 446 F. App'x 407 (3d Cir. 2011) (holding that District Court properly dismissed § 2241 petition for lack of jurisdiction where petitioner's allegation of deficient medical care does not "'spell speedier release,'" and thus does not lie at "'the core of habeas corpus.'" (citations omitted)).

In this case, Petitioner's claims regarding medical care are not properly asserted in this § 2241 action, as they would not alter his sentence or undo his conviction.  Therefore, the Petition must be dismissed for lack of jurisdiction.  Petitioner is free to raise his claims in a civil complaint filed under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) or an action pursuant to the Federal Tort Claims Act ("FTCA").  The Court does not express any opinion as to the legal viability of such claims.

Should Petitioner proceed with a civil complaint, Petitioner is on notice that he must first exhaust his administrative remedies.  <u>See</u> 42 U.S.C. § 1997e(a); <u>see also</u> <u>Bonadonna</u>, 446 F. App'x at 409.  Along those same lines, it is worth noting that some of the conduct which Petitioner asserts violates his rights has not yet occurred.  Specifically, Petitioner states that he has been told that he will be denied an imaging study at FCI Fort Dix.  However, Petitioner previously indicated that he received imaging studies every six months and, as of the date of the filing of this Petition, he had been confined at FCI Fort Dix for less than one month.

Additionally, with respect to treatment at FCI Fort Dix, Petitioner only mentions his APRI score and does not allege that he has been reevaluated for candidacy in, and subsequently

denied, a treatment regimen involving Sofosbuvir.  Accordingly, some of the relief requested appears to be purely speculative and may not present a "case or controversy" under Article III.  See Blakeney v. Marsico, 340 F. App'x 778, 780 (3d Cir. 2009) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 101-110, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)).

To the extent Petitioner states that he cannot file a complaint under Bivens because "numerous of the prison medical staff" are U.S. Public Health Service employees (Pet. 1, ECF No. 1), the Court notes that Petitioner has not identified any specific defendants.  Thus, his assumption that Bivens is inapplicable to his case has no basis in fact.  Also, to the extent that Petitioner asserts that he filed this Petition pursuant to § 2241 because he has no other available remedy at law since the FTCA does not authorize injunctive relief, the Court notes that district courts may have authority to compel certain action, in limited circumstances, under 28 U.S.C. § 1361 or the All Writs Act, 28 U.S.C. § 1651.

2. No Medical Emergency

The Court does not doubt the seriousness of Petitioner's medical condition.  However, nothing in the Petition leads the Court to believe that he is in imminent medical danger or that his condition has worsened since the filing of his last

Petition.  To the contrary, Petitioner admits he received an APRI score of 0.3 which, on its own, does not indicate advanced fibrosis/cirrhosis pursuant to the BOP Clinical Practice Guidelines.  Accordingly, there is nothing before the Court to suggest an emergent situation.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction.  An appropriate Order will follow.

                                              ___s/ Noel L. Hillman_____
                                              NOEL L. HILLMAN
                                              United States District Judge

Dated: April 29, 2015
At Camden, New Jersey